# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**FERRIE A. HAMPTON**                                                    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 5:10CV-62-R**

**COMMONWEALTH OF KENTUCKY COURT JUSTICE** *et al.*        **DEFENDANTS**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Ferrie Arvada Hampton filed this action by filling out a general complaint form. Plaintiff sues the following: Commonwealth of Kentucky Court Justice, Christian Circuit Court, Christian District Court, Thomas Lunsford, Delora M. Grabara, Richard Lunsford, and John Stea, M.D. In the section of the form complaint asking Plaintiff to list the "grounds for filing this case in federal court," he states: "slander, entrapment of menus in the second degree, assault in the second degree, kidnapping in the second degree, fraud, mental health warrant of arrest (with false arrest, assault batter in second degree)." In the section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states:

> Richard Lunsford got a mental health warrant and wasn't supposed one he not a relative. It was entrapment. I got hurt and I'm Ferrie Hampton and I would like to take suit out Himand I would like to take a complaint on Delora M. Grabara for getting mental health warrant. They were trying to kill me and feel that after I was hurt that I want to file suit. Because me being entrap in a metal institution. I rather file a complaint of suit of settlement and the criminal complaint.
>
> I want the court to make them pay me for the injury I got. I want a warrant of restraint and I would like them arrested. I would like them to stay away from my family. I would like for the federal officer to clear my name of charges and pronounce me innocent.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

**Richard Lunsford**

The only fact that Plaintiff alleges against Richard Lunsford is that he took part in getting a mental inquest warrant issued for Plaintiff. Plaintiff alleges that this was wrongful because Defendant Richard Lunsford is not a relative of Plaintiff's. However, pursuant to Kentucky Revised Statute § 202A.051 any of the following may seek a mental inquest warrant: "a qualified mental health professional, peace officer, county attorney, Commonwealth's attorney, spouse, relative, friend, or guardian of the individual concerning whom the petition is filed, or any other interested person." Thus, the fact that Defendant Richard Lunsford is not one of Plaintiff's relatives is of no consequence. Since Plaintiff did not allege any other wrongdoing by Defendant Richard Lunsford, Plaintiff's claims against him will be dismissed for failure to state a claim.

**Remaining Defendants**

Plaintiff does not assert any factual allegations against the remaining Defendants. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal

quotation marks omitted). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Plaintiff's complaint does not explain how any of the remaining Defendants were involved in the actions described in the complaint nor does the complaint identify any dates that any events occurred. Therefore, the Court concludes that Plaintiff's complaint fails to give the remaining Defendants fair notice of any civil claim(s) against them, and the claims against them must be dismissed for failure to state a claim.

**Criminal charges**

A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a criminal investigation or prosecution of Defendants. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*

4413.008